J-A14009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| YVONNE COLEMAN, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF FREDDIE COLEMAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AIRGAS USA, LLC, BRENNTAG MID-SOUTH, INC., ENERGY TRANSFER (R&M), LLC, EMD MILLIPORE CORPORATION, SIGMA-ALDRICH, INC., TEXAS AROMATICS, LP, PBF HOLDING COMPANY, LLC, PLAZA GROUP, INC., VALERO MARKETING AND SUPPLY COMPANY, MARATHON PETROLEUM COMPANY, LP, THERMO FISHER SCIENTIFIC, INC., JOHN DOES 1-10, AND JOHN DOES 11-20 | : | No. 1474 EDA 2025 |
| | : | |
| APPEAL OF: ENERGY TRANSFER (R&M), LLC, F/K/A SUNOCO (R&M), LLC | : | |

Appeal from the Order Entered April 8, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220601755

BEFORE:  DUBOW, J., NICHOLS, J., and MURRAY, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED JUNE 4, 2026**

Appellant, Energy Transfer (R&M), LLC, f/k/a Sunoco (R&M), LLC, appeals from the April 8, 2025 order denying Appellant's motion to dismiss the complaint filed by Appellee, Yvonne Coleman, individually and as administratrix of the Estate of Freddie Coleman, that was based on its claim

of *forum non conveniens*.[1]  Upon review prior to oral argument, we recognize that the trial court did not engage in the requisite analysis addressing the well-established private and public factors set forth in ***Plum v. Tampax, Inc.***, 160 A.2d 549, 553 (Pa. 1960) (quoting ***Gulf Oil Corp. v. Gilbert***, 330 U.S. 501, 508-09 (1947)).  Accordingly, we are constrained to remand to the trial court for a supplemental Pa.R.A.P. 1925(a) opinion to provide findings of fact and conclusions of law addressing the requisite *forum non conveniens* factors set forth below.

Appellee filed a complaint in the Philadelphia Court of Common Pleas naming Appellant and other defendants.  She claimed, *inter alia*, that Freddie Coleman ("Decedent") developed cancer as a result of exposure to benzene produced by Appellant while he worked in Calvert City, Kentucky, where he also received his medical treatment.  According to the trial court, "[t]he gravamen of [Appellee's] case is that [Appellant] knowingly placed unsafe products into the stream of interstate commerce, knowing that benzene caused cancer.  [Appellee] attacks the manufacture, marketing, and distribution of benzene and alleges that the decisions about the warnings, labels, manufacture, and distribution of benzene occurred in the Philadelphia area."  Trial Ct. Op., 4/8/25, at 2 (unpaginated).

---

[1] The court amended the April 8, 2025 order on May 7, 2025, to certify that Appellant's motion to dismiss presented "a substantial issue of jurisdiction so as to permit an appeal as of right pursuant to Pa.R.A.P. 311(b)(2)."  Order, 5/7/25, at 1.

In November 2024, Appellant filed a motion to dismiss based on *forum non conveniens* seeking dismissal of the case in Pennsylvania without prejudice to file in Kentucky. On April 8, 2025, the trial court filed an order and opinion denying Appellant's motion to dismiss.

In its opinion, the trial court set forth the facts of the case and cited the law governing motions based on *forum non conveniens*. Specifically, it noted that Section 5322(e) provides for dismissal when "in the interest of substantial justice[] the matter should be heard in another forum" and acknowledged that this Court has recognized that a trial court evaluating a motion to dismiss for *forum non conveniens* should consider the following: (1) that "a plaintiff's decision about where to institute the action cannot be disturbed except for weighty reasons" and (2) that "an alternate forum must exist." Trial Ct. Op. at 3 (quoting 42 Pa.C.S. 5322(e) and ***Hunter v. Shire US, Inc.***, 992 A.2d 891, 894 (Pa. Super. 2010)) (emphasis omitted).

In evaluating the "weighty reasons" for dismissal, Pennsylvania courts have long relied upon the private and public factors set forth by the Supreme Court in ***Plum***, ***supra***. The private factors include the following:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.

***Wright v. Consol. Rail Corp.***, 215 A.3d 982, 991 (Pa. Super. 2019) (citation omitted). We have described the relevant public factors as follows:

> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial . . . in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

***Id.*** at 991-92 (citation omitted).

While the trial court referenced this caselaw, it failed to apply it to the facts of the instant case, instead providing the following conclusory statement: "In assessing the private and public factors, this [c]ourt has weighed the relative advantages and obstacles to a fair trial in Pennsylvania in comparison to a trial in Kentucky, with particular consideration to the witnesses located in Kentucky." Trial Ct. Op. at 4. While the court found "[t]his factor standing alone would support a transfer to Kentucky[,]" it denied dismissal, concluding that dismissal of Appellant under *forum non conveniens* would leave Appellee "without a remedy regarding" a separate defendant, which the court had previously dismissed based on jurisdiction. ***Id.***

The court's conclusory statement prevents our appellate review of its application of the ***Plum*** factors. Accordingly, we are constrained to remand for the court to provide a supplemental Pa.R.A.P. 1925(a) opinion that addresses which facts it finds persuasive and applying those facts to the test

- 4 -

of private and public factors. The trial court should forward its supplemental opinion to the Prothonotary of this Court within 90 days.

We direct the Prothonotary, upon receipt of the trial court's supplemental opinion, to set a new briefing schedule to allow the parties to address the supplemental Pa.R.A.P. 1925(a) opinion and thereafter list the case for argument.

Case remanded with instructions. Case continued until completion of the remand.